UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Coburn, | ) | C/A No. 0:12-3653-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, through counsel, brings this action pursuant to 28 U.S.C. § 2254 challenging his 2007 state court convictions for murder and assault and battery with intent to kill (ABWIK).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation and he has timely done so. The court has conducted a *de novo* review of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

the objections which will be discussed herein.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, petitioner pled guilty to murder and ABWIK and was sentenced to 30 years and 20 years to be served concurrently. Petitioner filed a direct appeal of his conviction which was dismissed for want of any showing that there was an issue preserved for appeal.

Petitioner filed a *pro se* post-conviction relief application (PCR) alleging ineffective assistance of counsel with regard to advice on good time credit eligibility. An evidentiary hearing was held and the PCR court denied the application in full on June 24, 2011. Petitioner's motion to alter or amend the judgment under SCRCP Rule 59(e) was denied.

A petition for writ of certiorari was then filed with the South Carolina Supreme Court raising the issue of whether the petitioner's reliance upon erroneous advice from trial counsel on good time credit eligibility for a charge of murder entitled the defendant to post-conviction relief. The South Carolina Supreme Court denied the petition and the remittitur was issued on October 23, 2012.

The present § 2254 petition was filed on December 31, 2012. Therein, petitioner raises three Grounds for relief:

(1) Trial counsel provided erroneous advice on eligibility for good time credits, and but for counsel's advice, petitioner would not have pled guilty;

(2) Trial counsel did not thoroughly investigate the facts of this case to determine if petitioner actually shot the deceased; and

    (3)    PCR counsel failed to raise the issue of whether trial counsel was effective in investigating the facts of the case.

*Ground 1:  Ineffective Assistance of Trial Counsel*

The petitioner asserts that plea counsel was ineffective by improperly advising him that he would be eligible for release after he served 85% of his 30-year sentence for murder rather than advising him that he would have to serve the 30-year sentence day for day, as required by South Carolina law.  Petitioner contends that, but for plea counsel's erroneous advice, he would not have entered a guilty plea.

Under the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984), the PCR court found that counsel's advice was incorrect.  However, the PCR court ultimately rejected the claim finding that petitioner failed to establish the second *Strickland* factor, the prejudice prong. Specifically, petitioner failed to show he would have insisted on going to trial but for counsel's mis-advice.  The Magistrate Judge has carefully reviewed the record and opines that petitioner cannot demonstrate that PCR counsel unreasonably applied clearly established federal law or that the PCR court made objectively unreasonable factual findings.  *See* § 2254(d)(1)(2), and *Williams v. Taylor*, 529 U.S. 362, 298 (2000).

The Magistrate Judge's Report and Recommendation contains an extensive quotation from the state PCR court explaining why plea counsel's mistaken advice regarding good time credits on a murder sentence, in the context of this case, is not as serious an error as might first appear.  This is because Coburn pled to *both* murder and ABWIK for which he could have received consecutive sentences.  The plea deal carried no recommendations from the

3

prosecutor regarding the sentence. As the PCR court stated

> Applicant's assertion that he thought he would receive 25 years and 5 months would only be applicable to the minimum sentence, a sentence he was not assured of receiving, and even if he received it, he may never be paroled. Therefore, it strains credulity to suggest that if he had been told that he was, not possibly but in fact, facing 30 years to life day-for-day (plus twenty years for ABWIK), applicant would have decided against accepting the plea. *See Roscoe v. States*, 345 S.C. 16, 21 (546 S.E.2d 417, 419 (2001). *Accord Manley v. United States*, 588 F.2d 79, 82 (4th Cir. 1978) (holding "a mistake of a few years in advice about the length of what would otherwise be a long term would not constitute ineffectiveness of counsel").

In his objections to the Report, petitioner reiterates his contention that the PCR judge's determination was unreasonable and used the wrong standard. This court disagrees. The state PCR court properly analyzed the law of sentencing, and its determination that the state PCR court's decision should not be disturbed is correct. It cannot be said that the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1), (2).

### *Grounds 2 and 3*

Here, petitioner argues that plea counsel was ineffective in failing to thoroughly investigate the facts of the case to determine whether petitioner actually shot the deceased. The Magistrate Judge agrees with the respondent that Ground 2 is procedurally defaulted because the petitioner failed to present it to the state courts. In addition, Ground 3 is not cognizable because § 2254 prohibits claims of ineffective assistance of PCR counsel. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

However, the petitioner asserts that he is entitled have the default of Ground 2 excused and considered in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) due to the ineffective assistance of his first PCR counsel. Petitioner argues that the cause for the procedural default of Ground 2 is set out in Ground 3, that is, PCR counsel was ineffective in not presenting Ground 2 to the PCR court. The Magistrate Judge has considered whether petitioner's allegations in Ground 3 are sufficient to excuse his procedural default of Ground 2 under *Martinez* and concludes that they are not.

The Magistrate Judge analyzed petitioner's claim (Ground 2) under *Strickland v. Washington*, 466 U.S. 668 (1984) and made a review of the entire record, as well as the additional evidence submitted by the plaintiff. Ultimately, the Magistrate Judge determined that petitioner could not satisfy the *Martinez* limited exception to excuse the procedural default. Specifically, the Magistrate Judge found that the claim in Ground 2 was not a substantial claim of ineffective assistance of plea counsel. In other words, the Magistrate Judge did not find that PCR counsel was objectively unreasonable in failing to raise Ground 2 or that but for PCR counsel's errors, there is a reasonable probability that he would have received relief of his claim had it not been defaulted. Therefore, the procedural default of Ground 2 was not excused by the Magistrate Judge.

In arguing that Ground 3 presents a substantial claim under *Martinez*, Coburn relies primarily upon a forensic examination report obtained by habeas counsel regarding the details of the crime, including the question of whether a single firearm was used to shoot both the victims and the total number of shots fired. Again, the Report and Recommendation

contains a lengthy quotation, this time from the testimony of trial counsel at the PCR hearing that bespeaks a familiarity with the events of the shooting, as well as the possible scenarios that might have played out had the case gone to trial.

CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the Report is adopted and incorporated herein by reference. Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 12) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

March 31, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."